IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2077-FL

| | | |
|---|---|---|
| AARON BROWN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion to dismiss (DE 6) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On August 2, 2012, petitioner was convicted, following a jury trial in the Greene County Superior Court, of second-degree murder. See State v. Brown, No. COA13-501, 2013 WL 6096872, at *1 (N.C. App. Nov. 19, 2013). The superior court sentenced petitioner to a term of 125-159 months imprisonment. Id. at *3. Petitioner subsequently filed a notice of appeal, and the North Carolina Court of Appeals entered an order finding no error on November 19, 2013. Id.

On October 21, 2014, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Greene County Superior Court. (Resp't's Ex. 3.) The superior court denied petitioner's MAR on

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of plaintiff's action. The court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

October 28, 2014.  (<u>Id.</u>)  On December 15, 2014, petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on December 22, 2014.  (<u>Id.</u> Ex. 4.)

On April 15, 2015,[2] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims:  (1) he was denied his right to cross-examine witnesses in violation of the Sixth Amendment to the United States Constitution; (2) his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated because the State failed to prove each element of the charged offense; and (3) he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred.  The motion was fully briefed.

## DISCUSSION

A.     Motion to Dismiss

1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).  A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated April 15, 2015, but filed on April 24, 2015, to be filed on April 15, 2015.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

3

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on November 19, 2013. Petitioner then had 35 days, until December 24, 2013, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise); see also, N.C. Gen. Stat. § 7A-27. Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012). Thus, petitioner's conviction became final on December 24, 2013, when his case became final for purposes of direct appellate review.

Petitioner's one-year statutory period then began to run on December 24, 2013, and ran for 301days until petitioner filed his MAR on October 21, 2014. The one year statute of limitations period then was tolled from October 21, 2014, until the North Carolina Court of Appeals denied his certiorari petition on December 22, 2014. See N.C. Gen. Stat. § 7a-28(a) ("Decisions of the Court of Appeals upon review of [MARs] listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."); N.C.R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Petitioner's statutory period subsequently

4

resumed on December 22, 2014, and expired 64 days later on February 24, 2015. Because petitioner did not file his habeas petition in this court until April 15, 2015, his action is time-barred.

B.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate <u>both</u> "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001) (quoting <u>Slack</u>, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

5

first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 6) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2016.

LOUISE W. FLANAGAN
United States District Judge

6